## IN THE FRANKLIN COUNTY COURT OF COMMON PLEAS
### GENERAL DIVISION

| | | |
|---|---|---|
| **ZACHARY SEVERANCE,** | ) | **Case No.** |
| **8142 BELLOW PARK DRIVE,** | ) | |
| **REYNOLDSBURG, OH 43068** | ) | **Judge** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COLUMBUS, OHIO,** | ) | |
| 90 W. Broad St. | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CHIEF OF POLICE ELAINE BRYANT,** | ) | |
| **Columbus police in her personal and** | ) | |
| **official capacities,** | ) | |
| **120 Marconi Boulevard** | ) | |
| **Columbus, Ohio 43215** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Officer Michael Rubens, Columbus Police,** | ) | |
| **in his personal and official capacities,** | ) | |
| **120 Marconi Boulevard** | ) | |
| **Columbus, Ohio 43215** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Officer Nicholas Sands, #2893 Columbus Police,** | ) | |
| **in his personal and official capacities,** | ) | |
| **120 Marconi Boulevard** | ) | |
| **Columbus, Ohio 43215** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Officer Charles Johnson, #3176 Columbus Police,** | ) | |
| **Police Detective, in his personal and official** | ) | |
| **capacities,** | ) | |
| **120 Marconi Boulevard** | ) | |
| **Columbus, Ohio 43215** | ) | |
| | ) | |
| **and** | ) | |



Bexley Ohio )
559 N. Cassingham Rd )
Columbus, Ohio  43209 )
)
    **and** )

**Officer Davon Zarate Donovan, #33Bexley Police** )
**in his personal and official capacities,** )
**559 N. Cassingham Rd.** )
**Columbus, Ohio  43209** )
)
    **AND** )
)
**OFFICER JOHN DOE, Columbus police** )
**in his/her personal and official capacities,** )
**120 Marconi Boulevard** )
**Columbus, Ohio  43215** )
)
        **Defendants.** )

## COMPLAINT WITH JURY DEMAND ENDORSED HEREON

**I.**    **INTRODUCTION**

1.     This is an action for compensatory and punitive damages arising from the excessive force, false arrest, fabricate allegations in their reports, malicious prosecution, and defamation of Plaintiff Zachary Severance, in violation of the common law of Ohio, Ohio Revised Code sections 2921.45 and 2307.60, and the Fourth and Fourteenth Amendments to the United States Constitution, by Defendants Columbus, Ohio, its Chief of Police, Elaine Bryant, Michael Reuben, Nicholas Sands, Charles Johnson, Bexley Ohio and Davon Donovan.

On September 10, 2022 Mr. Severance and his then girlfriend Saido Abdirisak were going home an OSU game.  Mr. Severance was attempting to discuss ending their romantic relationship.  Saido attempted twice attempted to yank on the steering wheel to run them off the road.  Mr. Severance pulled into an alley to discuss the situation and calm her down so that he could get them safely to their respective residences.  Saido also had a loaded gun on her.

2

When she refused to get out of the car, he pulled her out to get distance between her and the loaded firearm. They spoke for approximately 5 minutes and when she appeared to calm down, they began walking back to the car.

A police officer arrived at their location and with his gun drawn began screaming and running at the couple appearing from the couple's vantage point to be deranged. Mr. Severance stopped and turned to face the officer. The officer continued to scream. He ordered Mr. Severance to turn around. After Mr. Severance turned around, he screamed at Mr. Severance to turn around again. Due to the erratic and aggressive way the officer was addressing him Mr. Severance was afraid for his safety, maybe even for his life. At this point Saido is so fearful she jumps in front of Mr. Severance using her body as a shield to protect him. Thereafter, Mr. Severance refused to turn his back to the officer.

A second officer ran up screaming and cursing reinforcing the couple's fears. The officer shoved the Saido down and began grabbing Mr. Severance. They wanted him face down on the ground. Mr. Severance repeatedly requested that he be allowed to identify himself. At this point each officer grabbed him by an arm and wrestled him to down to the ground, repeatedly hitting him with their fists as more officers ran up to help. In the end there were five officers hitting him attempting to force him down to the ground. When they finally beat him into submission the hand cuffed him, hog tied him, strapped him to a board, and put a muzzle on him to shut him up. They claimed that he tried to hit the original officer both on body camera and in written reports even though he never tried to do anything other than keep himself from being in a position to get a knee on his neck.

He was arrested for Assault on a Police Officer without having done anything to cause them harm. After a complete refusal to plea to anything that had to do with assaulting a police

officer he was reindicted to include Obstructing Official Business as both a felony and a misdemeanor.

When the indictment was issued instead of using his updated address filed with the clerk's office prior to the indictment, they used his old address and therefore it was not served. Shortly after he was arrested again and once again overcharged.

## II.    PARTIES AND VENUE

2.    Plaintiff Zachary Severance is an male resident of Reynoldsburg, Ohio, in Franklin County, Ohio.

3.    Defendant Columbus, Ohio, is a political subdivision of the State of Ohio, located within Franklin County, Ohio.  It employs and directs the activities of its Chief of Police and all subordinate officers of the Columbus Police Department.

4.    Defendant Elaine Bryant is Columbus' Chief of Police and the chief law enforcement officer for the city, responsible for instituting and implementing the Columbus Police Department's operational policies and training.  At all times material to this case, Defendant Bryant acted under color of state law, and her actions represented the official law enforcement policy of Columbus.  Defendant Bryant is sued in her personal and official capacities.

5.    Defendant Michael Reubens is a Columbus Police Department officer.  At all times material to this case, Defendant Reubens acted under color of state law.  Defendant Reubens is sued in his personal and official capacities.

6.    Defendant Nicholas Sands is a Columbus Police Department officer.  At all times material to this case, Defendant Sands acted under color of state law.  Defendant Sands is sued in his personal and official capacities.

7.     Defendant Charles Johnson is a Columbus Police Department officer.  At all times material to this case, Defendant Johnson acted under color of state law.  Defendant Johnson is sued in his personal and official capacities.

8.     Defendant Bexley, Ohio, is a political subdivision of the State of Ohio, located within Franklin County, Ohio.  It employs and directs the activities of its Chief of Police and all subordinate officers of the Bexley Police Department.

9.     Defendant Davon Donovan is a Bexley Police Department officer.  At all times material to this case, Defendant Donovan acted under color of state law.  Defendant Donovan is sued in his personal and official capacities.

10.     Venue is appropriate in this Court as the Defendants are located in Franklin County, Ohio, and committed the unlawful acts alleged below in Franklin County.

### III.     FACTS

11.     On September 10, 2022, Mr. Severance and his then girlfriend Saido Abdirisak were going home an OSU game.  Mr. Severance was attempting to discuss ending their romantic relationship.

12.     Saido attempted twice attempted to yank on the steering wheel to run them off the road.

13.     Mr. Severance pulled into an alley to discuss the situation and calm her down so that he could get them safely to their respective residences.

14.     Saido also had a loaded gun on her.

15.     When she refused to get out of the car, he pulled her out to get distance between her and the loaded firearm.

5

16.     They spoke for approximately 5 minutes and when she appeared to calm down, they began walking back to the car.

17.     A police officer arrived at their location and with his gun drawn began screaming and running at the couple appearing from the couple's vantage point to be deranged.

18.     Mr. Severance stopped and turned to face the officer.  The officer continued to scream.

19.     He ordered Mr. Severance to turn around.  After Mr. Severance turned around, he screamed at Mr. Severance to turn around again.

20.     Due to the erratic and aggressive way the officer was addressing him Mr. Severance was afraid for his safety, maybe even for his life.

21.     At this point Saido is so fearful she jumps in front of Mr. Severance using her body as a shield to protect him.

22.     Thereafter, Mr. Severance refused to turn his back to the officer.

23.     A second officer ran up screaming and cursing reinforcing the couple's fears.

24.     The officer shoved the Saido down and began grabbing Mr. Severance.

25.     They wanted him face down on the ground.

26.     Mr. Severance repeatedly requested that he be allowed to identify himself.

27.     Mr. Severance never acted in a threatening or aggressive manner and made no effort to escape.

28.     At this point each officer grabbed him by an arm and wrestled him to down to the ground, repeatedly hitting him with their fists as more officers ran up to help.

29.     In the end there were five officers hitting him attempting to force him down to the ground.  When they finally beat him into submission the hand cuffed him, hog tied him, strapped him to a board, and put a muzzle on him to shut him up.

30.     Despite the lack of probable cause, the officers, including Defendant Reuben, Sands, Johnson, and Donovan, arrested Mr. Severance and transported him to the Columbus police headquarters, where he was held and interrogated.

31.     Following Mr. Severance's interrogation, Defendants worked together to prepare a report.

32.     The report falsely states that Mr. Severance took a swing at Defendant Reubens with his fist which was supported by Defendant Sands report.  Upon information and belief, Defendant Reubens made this false claim to the reporting officers.

33.     Following his arrest and interrogation, the Defendants knowingly filed a false charge of assault on a police officer, against Mr. Severance citing the Ohio Revised Code Section 2903.13.  The charge the Defendants filed was a felony of the fourth degree, as it alleged a violent act directed at a law enforcement officer.  They then transported him to the Franklin County Jail at Jackson Pike.

34.     There was no probable cause at any time to file criminal charges against Mr. Severance.

35.     The Defendants subsequently provided information to a Franklin County grand jury that they knew was false, or as to which they recklessly disregarded its falsity, causing the grand jury to issue an indictment against Mr. Severance without probable cause.

36.     Following his arrest and indictment, Mr. Severance was held in jail for three days and then on arrest for the indictment another 7 days.  During his jail detention, he was held in an area of the jail for violent offenders and was in constant fear of further physical harm.

37.     The fourth-degree felony charge against Mr. Severance remains pending as well as the reindictment including charges of Obstructing Official Business.

38.     Mr. Severance's prosecution, arrest, and detention occurred because of the intentional and reckless violation of his rights by the Defendants.

39.     The actions of the Defendants, including knowingly disregarding exculpatory information, knowingly making false claims to manufacture probable cause against the Plaintiff and procure his indictment, were wanton, willful, reckless, in bad faith, and in knowing violation of his rights.

40.     The actions of the Defendants have caused the Plaintiff loss of liberty, anxiety, anger, humiliation, economic and reputational harm, and stress.

## IV.     CLAIMS FOR RELIEF

### FEDERAL CLAIM FOR RELIEF:  VIOLATION OF CIVIL RIGHTS

41.     The preceding paragraphs are hereby incorporated and re-alleged.

42.     The actions of the Defendants in initiating and persisting in the prosecution of the Plaintiff without probable cause, directly causing his wrongful arrest, the seizure of his person, and multiple deprivations of his liberty, violated the Fourth and Fourteenth Amendments to the U.S. Constitution.

43.     The Plaintiff's false arrest and malicious prosecution in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution are actionable under 42 U.S.C. § 1983.

### FIRST STATE CLAIM FOR RELIEF:  BATTERY

44.    The preceding paragraphs are hereby incorporated and re-alleged.

45.    The actions of Defendants Donovan Reubens, Johnson, and Sands in causing the seizing, handcuffing, and arresting of the Plaintiff without his consent constituted a battery.

### SECOND STATE CLAIM FOR RELIEF:  FALSE ARREST & IMPRISONMENT

46.    The preceding paragraphs are hereby incorporated and re-alleged.

47.    The actions of Defendants Donovan, Reubens, Johnson, and Sands in causing the arrest, handcuffing, and sustained detention of the Plaintiff against his will constituted false arrest and false imprisonment for which the Defendants are liable to the Plaintiff.

### THIRD STATE CLAIM FOR RELIEF:  MALICIOUS PROSECUTION

48.    The preceding paragraphs are hereby incorporated and re-alleged.

49.    The filing of and persisting in a felony charge against the Plaintiff without probable cause and with malice, constituted malicious prosecution for which Defendants Donovan, Reubens, Johnson, and Sands are liable to the Plaintiff.

### FOURTH STATE CLAIM FOR RELIEF:  CRIMINAL CONDUCT

50.    The preceding paragraphs are hereby incorporated and re-alleged.

51.    The actions of Defendants Donovan, Reubens, Johnson, and Sands described above violated Ohio Revised Code Section 2921.45, which makes it a crime for Ohio public servants to knowingly deprive, conspire, or attempt to deprive any person of a constitutional or statutory right, and Section 2921.13(A)(2), which makes it a crime for any person to knowingly make a false statement or swear or affirm to the truth of a previously made false statement with purpose to incriminate another.  Such criminal conduct is actionable pursuant to Section 2307.60 of the Revised Code.

### FIFTH STATE CLAIM FOR RELIEF:  DEFAMATION

52.     The preceding paragraphs are hereby incorporated and re-alleged.

53.     The actions of Defendants Donovan, Reubens, Johnson, and Sands, individually and in concert, in making and disseminating to the public factual claims about the Plaintiff, accusing him of a heinous crime, that they knew were false or as to which they recklessly disregarded their falsity, and thereby subjected him to public hatred, contempt, ridicule, shame, and disgrace, constituted defamation *per se* under the common law of Ohio.

### SIXTH CLAIM FOR RELIEF: EXCESSIVE FORCE

54.     The preceding paragraphs are hereby incorporated and re-alleged.

55.     By using excessive force against Plaintiff in effectuating his unlawful arrest, Defendants Donovan, Reubens, Johnson, and Sands violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

56.     The persistent and widespread patterns, policies, practices, and customs, as dictated and authorized by the City of Columbus, and/or its ratification of and/or a pattern or practice of incidents of indifference to excessive force by its officers, were the moving force behind Defendants Donovan, Reubens, Johnson, and Sands use of excessive force against Plaintiff in effectuating his unlawful arrest.

57.     By its deliberate indifference to the policies, training, supervision, and discipline needed to prevent its police officers from using excessive force in circumstances similar to those involving Plaintiff, Defendant City of Columbus and Defendant City of Bexley caused Plaintiff's deprivation of civil rights, the use of excessive force against him, and his injuries, thereby violating the Fourth and Fourteenth Amendments.

### V.     PRAYER FOR RELIEF

58.     **WHEREFORE,** the Plaintiff asks for judgment against the Defendants, jointly or severally and requests compensatory and punitive damages in excess of $25,000; the costs of this action, including reasonable attorney's fees; and any other relief the Court deems appropriate.

Respectfully Submitted,

/s/Sallynda Rothchild Dennison
Sallynda Rothchild Dennison (0068027)
srdennison@srdlawoffice.com
SRD Law Office, Inc.
88 East Broad Street, Suite 1540,
Columbus, Ohio 43215
(614) 228-3413
Fax: (614) 340-7199

## JURY DEMAND

The Plaintiff hereby demands a jury of eight (8) to determine all issues triable by jury in

this matter.

s/Sallynda Rothchild Dennison
Sallynda Rothchild Dennison (0068027)