# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| ZACHARY SEVERANCE, | Case No. 2:24-cv-4014 |
| Plaintiff, | |
| | Judge Algenon L. Marbley |
| v. | |
| | Magistrate Judge Kimberly A. Jolson |
| CITY OF COLUMBUS, OHIO, et al., | |
| Defendants. | |

## DEFENDANTS' MOTION TO DISMISS

City of Columbus, Elaine Bryant, Michael Rubens, Nicholas Sands, and Charles Johnson, hereby respectfully move to dismiss Zachary Severance's claims in accordance with Fed. R. Civ 12(b)(6) for failure to state a claim upon which relief may be granted. First, Severance's state-law claims are barred by the one-year statute of limitations. Next, these claims are insufficiently pled and fall short of establishing their respective prima facie elements. Third, the City is entitled to immunity as Severance has failed to plead a *Monell* claim. Fourth, immunity bars any attempts to assert state-law or federal claims against individual City employees. Finally, Severance improperly makes use of group-pleading and impermissible conclusory pleading practices that do not give Defendants notice of what alleged actions they purportedly took, or what crimes they are said to have committed. As a result, as outlined in the attached Memorandum in Support, Plaintiff's claims against the City Defendants should be dismissed with prejudice.

Respectfully submitted,

s/ Sheena R. Rosenberg
Dexter W. Dorsey (0097657) – Lead Attorney
Sheena D. Rosenberg (0088137)
Assistant City Attorneys

CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street, Columbus, Ohio 43215
Phone: (614) 645-7385 / Fax: (614) 645-6949
dwdorsey@columbus.gov
sdrosenberg@columbus.gov
*Counsel for Defendants City of Columbus, Ohio, Elaine Bryant, Charles Johnson, Michael Rubens and Nicholas Sands*

**MEMORANDUM IN SUPPORT**

This case concerns the September 10, 2022, arrest of Plaintiff Zachary Severance ("Severance"). Plaintiff submitted his initial Complaint on September 10, 2024, alleging the City of Columbus (the "City"), Chief of Police Elaine Bryant ("Bryant"), and officers Michael Rubens ("Rubens"), Nicholas Sands ("Sands"), and Charles Johnson ("Johnson") (collectively, "City Defendants"), engaged in misconduct during Severance's arrest and prosecution. *(See generally*, Complaint, ECF No.1-1, PAGE ID #5.) Severance claims City Defendants violated his constitutional rights and committed various tortious conduct. Thus, Severance seeks damages for the state-law claims of false arrest, false imprisonment, assault, battery, malicious prosecution, and defamation, and civil rights violations pursuant to 42 U.S.C. § 1983, including excessive force and violations of the Fourth and Fourteenth Amendments. (Id., ¶¶ 42-57.) Severance filed this complaint while his related criminal charges of assault and two counts of obstructing official business were pending in the Franklin County Court of Common Pleas. On September 24, 2024, Severance entered an Alford plea on his related criminal case. Per the plea, Severance is guilty of the offense of attempted criminal mischief (R.C. 2903.02 as it relates to R.C. 2909.07), a misdemeanor of the second degree. The prosecutor entered a Nolle Prosequi as to the remaining counts.

## I.     STATEMENT OF FACTS

On September 10, 2022, Severance was driving home from an Ohio State University football game with his then-girlfriend, Saido Abdirisak ("Abdirisak"), when an altercation involving a loaded gun, arose between them. *(Id.*, ¶¶ 11-14.) Severance responded by stopping and pulling Abdirisak out of the car. (*Id.*, at 15.) Afterward, unspecified police officers arrived and demanded that Severance turn around so that his back was to the officers. (*Id.*, ¶¶ 17, 19.)

Severance "refused to turn his back to the officer." (*Id.*, at 22.) Officers used force to get Severance to the ground and effectuate an arrest. (*Id.*, ¶¶ 24, 28, 29.) Officer Rubens alleges that Severance attacked him during the altercation, a claim disputed by Severance. (*Id.*, at 32.) Severance was charged with assault on a police officer in violation of RC. 2903.13, and was transported to the jail at Jackson Pike. (*Id.* at 33.) Severance was subsequently indicted by the Franklin County Grand Jury of one count of assault on a police officer in violation of R.C. 2903.13, a felony of the fourth degree; one count of obstructing official business, in violation of R.C. 2921.31, a felony of the fifth degree; and another count of obstructing official business, in violation of R.C. 2921.31, a misdemeanor of the second degree. (*Id.* at 37.)

## II.     LAW AND ARGUMENT

### A.     Standard of Review

A motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Riverview Health Inst. LLC v. Medical Mut. Of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010). The Court should grant such a motion to dismiss if the complaint is without merit because of the absence of either facts or law to support a claim of the type made or if, on the face of the complaint, there appears an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

"Under Rule 12(b)(6), the complaint is viewed in the light most favorable to plaintiffs, the [factual] allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiffs." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court must then determine whether the complaint at issue contains enough facts to state a claim of relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts need not accept as true purported factual allegations made "upon information and belief" because "[t]he mere fact that someone believes something to be true does not create a plausible inference that it is true." *In re Darvocet Products Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014). Furthermore, a plaintiff must provide more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action, without more, will not suffice to state a claim that can survive dismissal. *Twombly*, 550 U.S. at 555.

**B.** **Severance's state-law claims for assault, battery, false imprisonment, false arrest, malicious prosecution, and defamation are time-barred by Ohio's statute of limitations**

As an initial matter, Severance's state-law allegations relate to events that occurred more than one year before he filed this complaint; his claims are therefore time-barred. Severance filed this Complaint on September 10, 2024. The alleged misconduct, including Severance's arrest, occurred on September 10, 2022. (Compl., ¶¶ 11-14). Filing this Complaint exactly two years after the events in question makes Severance's state law claims untimely and untenable. Severance's claims for assault, battery, false arrest, false imprisonment, malicious prosecution, and defamation, are expressly filed as "state law" claims in his Complaint, and are thus subject to the applicable statute of limitations under Ohio law. (Compl., ¶¶ 43-49); *See, e.g., Coyer v. HSBC Mortg. Servs.*, 701 F.3d 1104, 1108 (6th Cir. 2012) (applying state statute of limitations to common-law claims). The statute of limitations for assault, battery, false imprisonment, malicious prosecution, libel, and slander (the equivalent of defamation under Ohio law) is one year as expressly dictated by R.C. 2305.11(A) and R.C. 2305.11(B). As a result, courts have routinely dismissed untimely claims

against police officers when the complaint was filed after the one-year statute of limitations. *See Bowen v. Sidney Police Dep't*, No. 3:23-cv-375, 2024 U.S. Dist. LEXIS 41052, at *12-*13 (S.D. Ohio Mar. 7, 2024); *O'Connor v. Kelty*, 2013 U.S. Dist. LEXIS 11265, at *3 (S.D. Ohio Jan. 24, 2013); *Bowen v. Sidney Police Dep't*, No. 3:23-cv-375, 2024 U.S. Dist. LEXIS 41052, at *12-*13 (S.D. Ohio Mar. 7, 2024). The statute of limitations applies to both false arrest and false imprisonment and accrual begins once the plaintiff is released from confinement. R.C. 2743.16(A); *Mayes v. Columbus,* 105 Ohio App.3d 728, 746, 664, N.E.2d 1340; *Griffin v. Ohio Dept. of Rehab & corr.,* 10th Dist. Franklin No. 16 AP-744, 2017-Ohio-5606. According to Severance, he spent a total of 10 days in detention. (Compl. ¶ 36.) Even with ten days of tolling via incarceration, Severance's false imprisonment and false arrests claims are still time-barred.

Severance's malicious prosecution claim is simultaneously filed too late, such that it is time-barred by the one-year statute of limitations, and too early such that it is not ripe. In other words, the statute of limitations for malicious prosecution begins once the prosecution terminates in the accused's favor such that the prosecution has formally abandoned the proceeding against the criminal defendant. *Froehlich v. Ohio Dep't of Mental Health,* 114 Ohio St. 3d. 286, 2007 Ohio 4161, 871 N.E. 2d 1159, 1162 (Ohio 2007.) At the time Severance filed this lawsuit, his case was still pending, and therefore lacked the necessary favorable termination requirement. On September 24, 2024, Severance entered an Alford plea of guilty to the stipulated lesser included offense of Attempted Criminal Mischief, thereby precluding any argument the prosecutor abandoned his suit. In the Sixth Circuit, "an Alford plea is plea of guilty that constitutes a criminal conviction" such that the criminal defendant has admitted the elements of the charge even though he may dispute the underlying facts. *Hanley v. Brumback*, No. CV 6:19-254-KKC, 2020 U.S. Dist. LEXIS 199582, 2020 WL 630266 at *8 (E.D. K.y. Oct. 26, 2020).

Thus, Severance state law claims are undisputedly time-barred. Severance does not and cannot offer any tolling exceptions. Severance's state law claims for assault, battery, false imprisonment, false arrest, malicious prosecution, and defamation are therefore time-barred by Ohio's statute of limitations and should be dismissed as a result.

### C. Plaintiff's claims of malicious prosecution, false arrest, and defamation are facially invalid

Even if Severance's state-law claims were not barred by the statute of limitations, Plaintiff's state-law claims are meritless and should be dismissed as a matter of law. As an initial matter, Plaintiff's false imprisonment and malicious prosecution claims fail as a matter of law because they did not result a favorable termination when this complaint was filed. (Compl., ¶ 37.) Both the Sixth Circuit and Ohio law require favorable termination such that "a proceeding is terminated in favor of the accused [and the] final disposition indicates the accused is innocent." *Ash v. Ash*, 72 Ohio St. 3d 520, 1995-Ohio 107, 651 N.E.2d 945 (Oh. 1995); *Caskey v. Fenton*, 6th Cir. No 22-3100, 2022 U.S. App. LEXIS 31750, at *38 (Nov. 16, 2022). Being found guilty of the lesser included offense of criminal mischief destroys Plaintiff's ability to satisfy this element. Additionally, Ohio adds the additional elemental requirement of malice which may be inferred through "proof of lack of probable cause." *Rogers v. Barbera,* 170 Ohio St. 241, 164 N.E.2d 162, 166, (Oh. 1960). Here, however, plaintiff offers no proof of probable cause—only conclusory statements. The only objective proof remains a grand jury indictment resulting in Severance being convicted of a lesser stipulated included offense out of the incident question, which hardly evidences malice.

Similarly, Severance's defamation claim is also facially invalid. An Ohio defamation claim, in relevant part, necessitates that the plaintiff show a false and defamatory statement, published without privilege to a third party. *Hughes v. Jackson,* C.P. No. CL 202203736, 2024

Ohio Misc. Lexis 79, at *6 (Feb. 2, 2024). Severance's defamation claim therefore fails every listed element, such that he cannot show that the statement officers made were false; he cannot show that the police report was defamatory; he cannot show that a police officer does not have privilege to publish a police report; and he cannot show that any officer gave defamatory statements to a third party (submitting a police report to a prosecutor is not giving a defamatory statement to a third party). If submitting a police report that differed from a criminal defendant's versions of events constituted defamation, malicious prosecution, and false arrest, per se, as Severance asserts, then every police officer would be liable for these offenses as soon as any criminal defendant asserted his innocence. Even more egregious in this case, would be the notion that a criminal defendant such as Severance, guilty of a lesser included offense of the crime charged, would be able to hold an officer liable for defamation merely by asserting that the officer lied. To prevent this absurdity, Severance's claims of malicious prosecution, false arrest, and defamation, should be deemed facially untenable in addition to being precluded pursuant to the statute of limitations.

**D.    The City is entitled to immunity on all state law claims because all the described functions are governmental and no exception to immunity applies**

Even if Severance's state-law claims were not time-barred and were facially valid, the City cannot be held liable under a theory of *respondeat superior* for any state law claims alleged by Plaintiff. "Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). The City is a political subdivision pursuant to R.C. 2744.01(F) and is therefore generally entitled to immunity. *See* R.C. 2744.01(F).

This general immunity is not absolute. The second step of an immunity analysis involves determining if any of the enumerated exceptions apply to negate the general grant of immunity. *Id.* Those exceptions to immunity are: (1) negligent operation of a motor vehicle; (2) negligent performance of a proprietary function; (3) negligent failure to keep public roads in repair and negligent failure to remove obstructions from public roads; (4) negligence due to physical defects within or on the grounds of buildings; and (5) when civil liability is expressly imposed by a section of the Revised Code. R.C. 2744.02(B)(1)–(5). These exceptions are to be construed narrowly. *Dearth v. City of Columbus*, 10th Dist. Franklin No. 17AP-346, 2019-Ohio-556, 132 N.E.3d 180, ¶32.

Any purported misconduct alleged in the Complaint falls squarely within the purview of a governmental function, in that the City's policing duties are "a function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons." R.C. 2744.01(C)(1)(c). Because governmental functions and proprietary functions are mutually exclusive, the City was decidedly not performing a proprietary function in effectuating Severance's arrest or initiating a criminal proceeding against him. On their face, none of the other statutory exceptions to immunity apply. Thus, because no exception from R.C. 2744.02(B) applies, the City is entitled to immunity as to any state law claim(s) Plaintiff attempts to assert against it.

### E. City Defendants are entitled to immunity because they were acting within the scope of their employment and did not act in a wanton or willful manner

City Defendants are entitled to immunity and no exception applies. Immunity does not extend to circumstances in which:

> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

> (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code.

R.C. 2744 (A)(6).

Having established general immunity, "the burden lies with [the plaintiff] to show that one of the recognized exceptions apply." *Maggio v. Warren,* 11th Dist. 2006-Ohio-6880, ¶ 38. Severance's allegations are insufficient to meet these standards.

Even assuming arguendo that City Defendants did not have probable cause to arrest Severance, this does not necessarily illustrate that officers acted outside the scope of their employment. As a rule, "an employee's wrongful act, even if it is unnecessary, unjustified, excessive, or improper, does not automatically take such act manifestly outside of the scope of employment." *Elliott v. Ohio Department of Rehab. & Corr.*, 92 Ohio App. 3d 772, 775, 637 N.E.2d 106 (1994). Rather, "[t]he act must be so divergent that it severs the employer-employee relationship." *Jackson v. McDonald*, 144 Ohio App.3d 301, 306-07, 760 N.E.2d 24 (5th Dist. 2001). "Conduct is within the scope of employment if it is initiated, in part, to further or promote the master's business." *Id.*

It is undisputed that City Defendants were engaged in the police action of effectuating an arrest against Severance. An arrest, falls within the scope of police employment; even if the arrestee feels it was unjustified. Plaintiff appears to agree, noting that City Defendants "at all times material to this case… acted under color of state law". (Compl., ¶¶ 4-9.)

As a secondary assertion, Severance alleges, in baseless and conclusory fashion, that City Defendants were committing the criminal offenses of falsification and "Interfering with Civil Rights" pursuant to R.C. 2921.13(A)(2) and R.C. 2921.45, respectively. (Compl, ¶ 51.) Notably, the alleged civil rights violation is never articulated and no details of the falsification is given. These assertions are baseless, evidenced by the fact that none of the City Defendants were charged or indicted with any crimes as it relates to this Complaint. Severance does not even claim that he

filed a police report or attempted to launch an internal affairs investigation. Ultimately, the only person found guilty of a crime out of this incident, was Severance.

What Severance's complaint illustrates, are quintessential duties of police officers: arresting individuals who are committing crimes. Severance fails to articulate any non-conclusory facts that sever the employer-employee relationship. As a result, City Defendants maintain immunity pursuant to R.C. 2744.03(A).

**F.    Plaintiff fails to plausibly allege a *Monell* claim against the City under 42 U.S.C. § 1983 for the purported violation of any constitutional right**

The liability of a municipality under 42 U.S.C. § 1983 for the violation of any right arising under the United States Constitution is restricted in two significant ways—both of which apply here to bar Plaintiff's claim against the City. First, the City cannot be held liable merely because of the purported actions of its employees, or under a theory of *respondeat superior*. Second, the only way Plaintiff can plausibly allege the City is liable to them under 42 U.S.C. § 1983 is with sufficient factual allegations to plausibly assert that any purportedly unconstitutional conduct by a City employee was the result of a municipal policy or custom—known as a *Monell* claim. Plaintiff has not asserted a *Monell* claim, and the mere parroting of its language in conclusory fashion is insufficient to invoke a claim. As a result, Plaintiff's Section 1983 claim against the City fails as a matter of law.

The mere fact that a municipality employs an alleged tortfeasor is not sufficient to support a Section 1983 claim against that municipality. *Kovalchuk v. City of Decherd*, 95 F.4th 1035, 1038 (6th Cir. 2024) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). This is because Section 1983 imposes liability on persons and, "[a]s a general rule, local governments and counties are not 'persons' under § 1983." *Mathis v. Ohio Dep't of Job & Family Servs.*, No. 2:11-cv-395, 2011 U.S. Dist. LEXIS 123436, at *11 (S.D. Ohio Oct. 25, 2011).

Nor will courts hold a municipality liable under a theory of *respondeat superior*. *Id. (citing Monell in rejecting such an argument)*; *see also Kovalchuk*, 95 F.4th at 1038; *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-33 (6th Cir. 2005); *Clellan v. Franklin County*, No. 2:09-cv-930, 2010 U.S. Dist. LEXIS 90991, *6-7 (S.D. Ohio Sept. 2, 2010).

Rather, a municipality may only be held liable under 42 USC § 1983, when the plaintiff connects the allegedly unconstitutional conduct by an employee to a municipal policy or custom— a *Monell* claim. *Kovalchuk*, 95 F.4th at 1038, citing *Gambrel v. Knox Cnty.*, 25 F.4th 391, 408 (6th Cir. 2022). To create a sufficient nexus, the plaintiff must establish one of the following theories of liability: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Id.*, citing *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Once they have done so, the plaintiff must then "demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Id.*, citing *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). Thus, a viable *Monell* claim requires both that the execution of the municipality's policy inflicted the injury and "an affirmative link between the policy and the particular constitutional violation alleged." *Mathis*, 2011 U.S. Dist. LEXIS 123436, at *11 (internal citations omitted). Moreover, the relevant culpable state for municipal liability is that of "deliberate indifference" or "a deliberate choice to follow a course of action […] which reflected a conscious indifference to the constitutional rights violations which will inevitably result from the selected course of conduct or policy." *Ross v. Duggan*, 402 F.3d 575, 589-590, fn.7 (6th Cir. 2004) (emphasis in original)

(internal citation omitted). That is a "very high standard of culpability, *exceeding* 'gross negligence.'" *Id.* (internal citation omitted).

Plaintiff's claims fail as a matter of law because Plaintiff fails to plausibly allege any of the four theories. Therefore, Plaintiff's Section 1983 claim should be dismissed with prejudice.

As to the first *Monell* theory, Plaintiff cannot and has not identified any enactment or official policy (a specific law, rule, regulation, or directive) that would direct or allow the Individual Officers to engage in any of the purportedly unconstitutional conduct that they allege occurred on September 10, 2022. To survive a motion to dismiss under this *Monell* theory, Plaintiff had to allege facts that point toward a *specific* policy that led to the allegedly unconstitutional conduct. *See, e.g., Stager v. Hanshaw*, No. 1:23-cv-120, 2024 U.S. Dist. LEXIS 65522, *10-11 (S.D. Ohio Apr. 10, 2024). "Vague and conclusory allusions to 'customs' and 'policies'" are not enough. *Id.*; *see also Dillon v. Hamlin*, No. 1:23-cv-103, 2024 U.S. Dist. LEXIS 29487, *11-12 (S.D. Ohio Feb. 21, 2024) (element fails where plaintiff did not cite a "specific, official policy"). Plaintiff does not even attempt to point to any specific, official policy of the City anywhere in the Complaint; thus, any attempt to plead a *Monell* claim under this theory fails. (*See generally* Complaint).

The second *Monell* theory, ratification of challenged conduct, can be established by showing either that an individual with policymaking authority has issued a decision adopting the challenged conduct as municipal policy or that a policymaker has failed to meaningfully investigate a subordinate. *Meyers v. Cincinnati Bd. of Educ.*, 343 F. Supp. 3d 714, 729 (S.D. Ohio 2018); *see also Wright v. City of Euclid*, 962 F.3d 852, 882 (6th Cir. 2020). Ratification can occur if a final decision maker "provides 'affirmative approval of a particular decision made by the subordinate.'" *Stillwagon*, 2016 U.S. Dist. LEXIS 44223, *62 (quoting *Feliciano v. Cleveland*,

988 F.2d 649, 656 (6th Cir. 1993)). But that approval must have caused the purported constitutional violation at issue, and thus must have occurred before, not after, the alleged constitutional violation. *Phillips v. Stevens*, Case No. 2:04-cv-207, 2007 U.S. Dist. LEXIS 60215, *34 (S.D. Ohio Aug.16, 2007) (citing *Alexander v. Beale Street Blues*, 108 F. Supp.2d 934, 949 (W.D. Tenn. 1999)); *Williams*, 936 F.2d at 884–85; *Stillwagon*, 2016 U.S. Dist. LEXIS 44223, *64; *France v. Lucas*, Case No. 1:07-cv-3519, 2012 U.S. Dist. LEXIS 151344, *41 (N.D. Ohio Oct.22, 2012), *affirmed by* 836 F.3d 612 (6th Cir.2016); *Tomazic v. Cleveland*, Case No. 1:04-cv-2252, 2006 U.S. Dist. LEXIS 65682, at *16 (N.D. Ohio Sept. 14, 2006); *Frerichs v. Knox County*, Case No. 3:16-cv-693, 2017 U.S. Dist. LEXIS 115564, *27–30 (E.D. Tenn. July 25, 2017). In addition, conclusory allegations of prior constitutional acts, without reference to specific instances, by a municipal police department based on unspecified "policies, practices, and customs" sufficient to state a *Monell* claim under a ratification theory. *Robertson v. Taylor*, No. 1:23-cv-891, 2024 U.S. Dist. LEXIS 22667, at *10 (N.D. Ohio Feb. 8, 2024). Courts have also noted the failure to identify the purported decision maker who ratified the conduct at issue as an insufficiency in the allegations of a *Monell* ratification claim. *Horton v. Boucher*, No. 22-12529, 2023 U.S. Dist. LEXIS 133153, at * 9 (E.D. Mich. Aug. 1, 2023).

Plaintiff fails to sufficiently allege a *Monell* claim based on a ratification theory. Plaintiff alleges in conclusory fashion, "[P]ersistent and widespread patterns, policies, practices and customs, as dictated authorized by the City of Columbus, and/or its ratification of and/or a pattern of incidents of indifference to excessive force by its officers, were the moving force behind [Defendants']…use of excessive force against Plaintiff in effectuating his unlawful arrest." (Compl., ¶ 56.)

This nebulous claim is the only articulation of potential *Monell* liability in Plaintiff's Complaint, and fails to point to any specific policy, practice, custom, or pattern that led to the purported excessive force in effectuating Severance's arrest or subsequent criminal proceedings.

The third *Monell* theory, inadequate training and supervision, rests on a failure to train or supervise that amounts to "deliberate indifference to the rights of persons with whom the police come into contact." *Canton*, 489 U.S. at 388–89; *Meeks v. Detroit*, 727 Fed. App'x 171, 182 (6th Cir. 2018); *Roell v. Hamilton County*, 870 F.3d 471, 487 (6th Cir.2017); *Brown v. Battle Creek*, 844 F.3d 556, 573 (6th Cir. 2016); *Burgess*, 735 F.3d at 478; *Pecsi v. Niles*, 674 Fed. App'x 544, 547 (quoting *Monell*, 436 U.S. at 694; *Bryan County*, 520 U.S. at 407). This "requires a showing of prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse and was clearly on notice that training in this particular area was deficient and likely to cause injury." *Stager* at *13, quoting *Burgess*, 735 F.3d at 478.   Once again, Plaintiff fails to plausibly allege a *Monell* claim under this theory. Plaintiff only allege, in conclusory fashion that there were prior instances of misconduct without specifying what, when, or where, those instances were. (Compl., 56.)

The fourth *Monell* theory, an inaction or official custom, similarly requires, a clear and persistent pattern of illegal activity, to which the municipal defendant shows deliberate indifference reflecting a policy of inaction, and that that inaction was the causal link in the purported constitutional violation at issue. *Stanfield v. Lima*, 727 Fed. App'x 841, 851 (6th Cir.2018) (quoting *Thomas*, 398 F.3d at 429); *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996); *Thomas v. Columbus*, Case No.2:15-cv-2469; 2017 U.S. Dist. LEXIS 153371, *39 (S.D. Ohio Sept. 20, 2017). Plaintiff, who fails to allege any specific prior instance of an illegal act, who fails to allege facts reflecting inaction thereafter, and fails to allege facts supporting a

causal link between any prior action and their purported injuries, fails to plead a *Monell* claim under this theory. (*See generally* Compl.)

To properly plead their *Monell* claims, Plaintiff must provide factual allegations supporting those claims. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, Severance's pleading lacks sufficient specificity to invoke *Monell* liability and bind the City to liability.

### G.    Individual City Defendants are entitled to immunity as to all federal claims

Bryant, Rubens, Sands, and Johnson are entitled to individual immunity against Severance's federal claims. Following the guidance of the Sixth Circuit Court of Appeals and the United States Supreme Court, this Court recognizes that "a section 1983 action against a city official in his or her official capacity is treated as an action against the City entity itself." *Speedy Mulch LLC v. Gadd*, No. 2:03-cv-651, 2006 U.S. Dist. LEXIS 6661, at *13, n. 5 (S.D. Ohio Feb. 22, 2006) (quoting *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)). As a result, such claims are, "in all respects other than name, claims against the entity, not against individuals in their official capacity." *Sams v. Franklin Cnty.*, No. 2:19-cv-05330, 2022 U.S. Dist. LEXIS 44204, at *20-21 (S.D. Ohio Mar. 14, 2022) (internal citation omitted); *see also Graham*, 473 U.S. at 166. The only purpose of such official capacity claims is to serve as "another way of pleading an action against an entity of which an officer [or employee] is an agent." *Id.* (internal citation omitted); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991).

But when the municipal entity employer is also named as a defendant, such official capacity suits serve no purpose at all and "courts regularly dismiss as redundant claims against agents in their official capacities when the principal [municipal] entity is also named as a defendant in the

suit." *Waddell v. Lewis*, No. 1:22-cv-635, 2024 U.S. Dist. LEXIS 43620, at *5 (S.D. Ohio Mar. 12, 2024) (internal citation omitted); *see also Baar v. Jefferson Cnty. Bd. of Educ.*, 476 Fed. App'x 621, 634 (6th Cir. 2012); *First Baptist Church v. Waterford Twp.*, 522 Fed. App'x 322, 327 (6th Cir. 2013); *Sams*, 2022 U.S. Dist. LEXIS 44204, *20-21. Courts have similarly granted motions for judgment on the pleadings on the same basis because such redundant official capacity Section 1983 claims "fail as a matter of law." *Brown v. Montgomery Cnty. Bd. of Comm'rs*, No. 3:21-cv-269, 2023 U.S. Dist. LEXIS 48213, at *8 (S.D. Ohio Mar. 21, 2023) (noting that the plaintiff "correctly acknowledges that her official capacity claims against the individual Defendants are redundant of her claims against Montgomery County and that such redundant claims are regularly dismissed by courts within the Sixth Circuit.")

Here, because Plaintiff has asserted a Section 1983 claim against the City, any claim against the Individual Officers in their official capacity under Section 1983 is duplicative of that claim against the City. Such a claim thus should be dismissed for two reasons. First, because Plaintiff has failed to sufficiently allege such a claim for all the reasons stated above. Second, because, regardless of whether the Court dismisses the Section 1983 claim against the City, the mere existence of such a claim renders a Section 1983 suit against the Individual Officers in their official capacities duplicative and superfluous. Such a claim should be dismissed with prejudice.

**H.    City Defendants are entitled to qualified immunity on Severance's claims**

Severance has failed to plead facts sufficient to strip City Defendants of qualified immunity. *See Chappell v. Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009). Qualified immunity "is an 'exacting standard' that gives officers lots of leeway, requiring [officer] conduct to violate clearly established law to defeat the defense." *Rudlaff v. Gillispie*, 791 F.3d 638, 643 (6th Cir.2015) (citing *City & Cnty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1774, 191 L. Ed. 2d

856 (2015)). Severance cannot point to any "[e]xisting caselaw that put[s] the precise question 'beyond debate.'" *See Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2083, 179 L. Ed. 2d 1149 (2011). The law simply does not support Severance's theory that officers initiating an arrest on a suspect refusing to comply with orders and engaged in a physical altercation, should refrain from using comparable force to gain compliance, especially when Severance admits there is sufficient evidence to find him guilty of a crime stemming from the incident. Nor does precedent prohibit officers from initiating a criminal proceeding against a suspect who has a differing viewpoint of events. Stripping officers of their qualified immunity status because the self-interested suspect does not believe he should have been arrested offends the entire doctrine of qualified immunity.

While Severance does not state what actions each City Defendants purportedly engaged in that purportedly constitute excessive force, he expressly concedes that he refused to comply with commands to turn around. (Compl., ¶¶1 ,22.) Even by Severance's account, officers only used force to arrest him after his non-compliance. (*Id.*, at ¶¶ 22-29). Of note, Severance does not allege that officers used weapons or other force amplification devices to inflict injury upon him.

A reasonable officer on scene is not responsible for knowing the contextual circumstances of Severance's argument with Abdirisak before their arrival on scene. Nor were officers required to investigate why Severance was pulling Abdirisak out of the car. "Officers are not required to 'conduct quasi-trials as a necessary predicate to the warrantless arrest of perpetrators in every situation wherein the subject asserts a purported legal excuse for his actions.'" *Painter v. Robertson*, 185 F.3d 557, 571, fn 21 (6th Cir. 1999). "Only if 'a reasonable police officer would conclusively know that an investigative target's behavior is protected by a legally cognizable affirmative defense' does the officer lack a legal foundation for arrest." *Harvey v. Carr*,

616 F.App'x 826, 829 (6th Cir. 2015) (quoting *Painter*, 185 F.3d at 571, fn. 21). "In all other cases, the merits of an alleged affirmative defense should be assessed by prosecutors and judges, not policemen." *Painter*, 185 F.3d at 571, fn. 21. "In fact, when the facts known to the officer track the elements of an offense, [courts] routinely grant qualified immunity on false-arrest claims even when the suspect asserts, or circumstances suggest, an applicable affirmative defense." *Harvey*, 616 F.App'x at 829 (collecting cases). In this lawsuit, Severance offers no legal justification for his actions.

An arrest is valid so long as there is probable cause for a single charge of an arrestable offense. *Miller v. Sanilac City*., 606 F.3d 240, 248 (6th Cir. 2010). Probable cause is determined by the "acts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37, (1979). A grand jury indictment "creates a presumption of probable cause in later proceedings under §1983." *Lester v. Roberts*, 986 F.3d 608 (6th Cir. 2021.) "The presence of probable cause for a prosecution of pretrial detentions…dooms any Fourth Amendment Claim." *Id.* at 609. The Sixth Circuit has held that a "police officer cannot be liable for Fourth Amendment malicious prosecution when he did not make the decision to bring charges, as long as the information submitted to the prosecutor is truthful." *Kinkus v. Village of Yourkville*, Ohio 289 Fed. Appx. 86, 91 (6th Cir. 2007). Plaintiff may only rebut this presumption by showing a law enforcement officer falsified statements, those falsified or misleading statements were material to the prosecution of the plaintiff, and the false statements, evidence, and omissions did not consist solely of grand-jury testimony or preparation for that testimony. *King v. Hardwood*, 852 F.3d 568 (6th Cir. 2017).

Severance's conclusory claims of falsification fall well short of this burden. Plaintiff's claims of false arrest and malicious prosecution are based on the presupposition that City Defendants acted maliciously and conspired to make false statements. However, statements merely alleging falsity without any evidence or alleged facts that the defendants provided intentionally untruthful statements to the prosecutor are insufficient for to sustain such an assertion. *See e.g., O'Connor v. Kelty*, No. 4:10-cv-338, 2013 U.S. Dist. LEXIS 11265, at *17 (N.D. Ohio Jan. 23, 2013). Eyewitness statements are generally presumed reliable and truthful, as held in *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999).

Even taking the Plaintiff's statements at face value, it is not even arguably unreasonable for an officer to use force to initiate an arrest against Severance. Although Severance disputes that the officer should have charged him with a crime—his opinion is irrelevant. The exacting standard is whether City Defendants' actions were "objectively reasonable in light of the facts and circumstances confronting them." *Grahm v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Thus, when officers objectively believed that Severance caused or attempted to cause them harm, after Severance had pulled his ex-girlfriend out of the car, refused to comply, and was committing, at a minimum, a misdemeanor offense, officers had probable cause to arrest Severance for assault pursuant to R.C. § 2903.13(A); (*Compl.*, ¶1, 15, 22.)

## I. Severance fails to state any plausible claim against Chief of Police Bryant

Severance fails to state any viable claim against the Chief of Police. In short, Plaintiff does not actually accuse Bryant of doing anything. Bryant is only specifically invoked in paragraph 4 of Plaintiff's Complaint to describe her job duties and inform Bryant that she is being sued in her personal and official capacity. (Compl., ¶4.) It is not apparent, that Bryant is being accused of anything else.

Assuming arguendo, Plaintiff was attempting to assert a Section 1983 claim against Bryant, this claim must fail. "A Section 1983 action against a city official in his or her official capacity is treated as an action against the City entity itself." *Surface v. Conklin*, No. 1:15-cv-40, 2015 U.S. Dist. LEXIS 65865, at *7 (S.D. Ohio May 20, 2015) (internal citation omitted). As a result, "'Official-capacity suits represent only another way of pleading an action against an entity of which an officer is an agent.'" *Everson v. Leis*, 556 F.3d 484, 493 n.3 (6th Cir. 2009) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)) (alterations omitted); *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985). That is, an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); *S.L. v. Pierce Twp. Bd. of Trustees*, 771 F.3d 956, 962 (6th Cir. 2014); *Foster v. Michigan*, 573 Fed. App'x 377, 390 (6th Cir. 2014). Thus, such claims are "duplicative" or "redundant" when the employer entity is also named as a defendant, and are properly dismissed on that basis. *Frieg v. City of Cleveland*, No. 12-CV-02455, 2013 U.S. Dist. LEXIS 88323, at *4 (N.D. Ohio Jun. 23, 2013) (internal citation omitted); *Johnson v. Wash. County Career Ctr.*, No. 2:10-cv-076, 2010 U.S. Dist. LEXIS 62697, at *10 (S.D. Ohio Jun. 22, 2010) (citing *Monell*, 436 U.S. at 691); *see also Foster*, 573 Fed. App'x at 390; *First Baptist Church v. Waterford Twp.*, 522 Fed. App'x 322, 327 (6th Cir. 2013); *Barnum v. Ohio State Univ. Med. Ctr.*, Case No. 2:12-CV-930, 2014 U.S. Dist. LEXIS 107358, *6–7 (S.D. Ohio Aug. 5, 2014).

Beyond that, there is no *respondeat superior* liability under Section 1983 "to impute liability onto supervisory personnel." *Wingo v. Tennessee Dep't of Corrections*, 499 Fed. App'x 453, 455 (6th Cir. 2012) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)); *Johnson v. Mohr*, Case No. 2:15-cv-86, 2015 U.S. Dist. LEXIS 44215, *8 (S.D. Ohio April 3, 2015). Thus,

there "must be a direct causal link between the acts of individual [employees] and the supervisory defendants." *Surface*, 2015 U.S. Dist. LEXIS 65865, at *6. A theory that a supervisor failed to implement certain policies, affirmatively implemented other policies, or failed to adequately train or supervise the employees under their command "improperly conflate[s] a § 1983 claim of individual supervisory liability with one of municipal liability." *Heyerman v. County of Calhoun*, 680 F.3d 642, 647–48 (6th Cir. 2012) (quoting *Phillips v. Roane County*, 534 F.3d 531, 543 (6th Cir. 2008)). As a result, generally, no action can be "maintained against a chief of police, in his [or her] official capacity, for the actions of other officers." *Loper v. Cleveland Police Headquarters*, 1:16-cv-2842, 2017 U.S. Dist. LEXIS 72839, at *10 (N.D. Ohio Mar. 15, 2017) (citing *Claybrook v. Birchwell*, 199 F.3d 350, 361 (6th Cir. 2000)).

Instead, "[i]n order to establish liability pursuant to § 1983, 'the plaintiff must prove that the defendant, as a supervisory official, is personally responsible for the alleged unconstitutional actions that caused his injury.'" *Denkins v. Mohr*, Case No. 2:13-cv-584, 2014 U.S. Dist. LEXIS 120891, *7 (S.D. Ohio Aug. 29, 2014) (quoting *Mills v. Barbourville*, 389 F.3d 568, 580 (6th Cir. 2004)). That is, there must be some personal involvement or direct participation by the supervisor defendant. *See Heyerman*, 680 F.3d at 647–48; *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005); *Denkins*, 2014 U.S. Dist. LEXIS 120891, *7; *Younker v. Mohr*, Case No. 2:13-cv-1116, 2013 U.S. Dist. LEXIS 173109, *8–9 (S.D. Ohio Dec. 10, 2013). A "supervisory official's failure to supervise, control, or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee v. Luttrell*, 199 F.3d 295, 297 (6th Cir. 1999); *Essex v. Livingston*, 518 Fed. App'x 351, 355 (6th Cir. 2013); *Surface*, 2015 U.S. Dist. LEXIS 65865, *6–8.

While a suit may be asserted against a chief of police in his or her individual capacity, such a suit requires factual allegations connecting the chief of police personally to the conduct at issue. Without such allegations—or when a plaintiff fails to allege "any direct involvement" by a chief of police with the alleged police actions at issue—individual capacity suits against chiefs of police are properly dismissed. *Id.*; *see also Surface*, 2015 U.S. Dist. LEXIS 65865, at *7 (failure to alleged any facts that would support the chief of police's personal involvement in the conduct at issue renders suits against chief of police in individual capacity insufficient to withstand dismissal); *Frieg*, 2013 U.S. Dist. LEXIS 88323, at *5 (same). Generalized allegations "containing only collective references to defendants" without allegations of "facts that demonstrate what each defendant did not violate the asserted constitutional right" are insufficient as a matter of law. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012) (internal citations omitted) (affirming dismissal of Section 1983 claim against defendants who were only specifically referenced once, in a background paragraph identifying their employer).

There are no factual allegations whatsoever against the Chief of Police, and thus no allegation of a direct causal link between the Chief of Police and the actions of any of the other individual named City Defendants. Nor can the allegations of the Complaint referencing "Defendants" generally, but which do not specifically reference the Chief of Police, state a claim against her in any capacity. *See, e.g., id.*, ¶ 15. As a result, the claims against the Chief of Police should be dismissed.

## J.    Plaintiff's allegations are vague, conclusory, and insufficiently pled

As a final but equally crucial matter, Plaintiff's complaint is not well pled, and fails to meet notice pleading standards. Plaintiff's vague, confusing, and ambiguous Complaint creates a twofold problem.

First, while there are vague references to both federal and state law, it is unclear what cause(s) of action Plaintiff is attempting to allege, or against which defendants any cause(s) of action are asserted. It is improper to "fail[] to provide notice regarding which specific defendant is liable for which count" and that failure is a basis on which to require a more definite statement. *Banks v. Bosch Rexroth Corp.*, No. 5:12-345, 2014 U.S. Dist. LEXIS 28043, *19-*21 (E.D. Ky. Mar. 5, 2014).

Second, even if the Individual Defendants could discern what cause(s) Plaintiff asserts, and against whom, it is also unclear which factual allegations within the Complaint correspond to which cause of action. Such a pleading is insufficient to satisfy the requirements of Civil Rule 8; it fails to provide each defendant with "adequate notice of the claims against them and the grounds upon which each claim rests." *Lee v. Ohio Educ. Ass'n*, 951 F.3d at 392-393 (internal citation omitted); *see also Grove*, 2020 U.S. Dist. LEXIS 44952, at *10 (quoting *Bostic*, 2017 U.S. Dist. LEXIS 28926, *2) (pleading insufficient where "factual allegations are not clearly delineated to support a claim for legal relief"); *Moss v. Columbus Bd. of Educ.*, No. 2:00-cv-855, 2001 U.S. Dist. LEXIS 27000, *37-39 (S.D. Ohio Sept. 27, 2001) (granting motion to strike amended complaint that did not "articulate the basis for each particular claim as to each Defendant").

Asserting causes of action against defendants collectively, without regard as to which defendants are responsible for the alleged violation(s), is an impermissible pleading practice. For example, the Sixth Circuit has held that plaintiff "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Ondo v. City of Cleveland*, 795 F.3d 597, 610 (6th Cir. 2015) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original)). The indiscriminate grouping of defendants as jointly responsible for allegedly prohibited conduct, often referred to as "group pleading," is not

permissible and does not suffice to state a claim against any specific defendant. *Robertson v. Univ. of Akron Sch. of Law*, No. 5:20-cv-1907, 2021 U.S. Dist. LEXIS 157345, *13-*15 (N.D. Ohio Aug. 20, 2021) (dismissing claim that "relies entirely on allegations that the 'Officers' took various actions" that purportedly violated the plaintiff's constitutional rights); *accord Mhoon v. Metro. Gov't of Nashville*, No. 3:16-cv-1751, 2016 U.S. Dist. LEXIS 148301, *3, *9, *11, *24 (M.D. Tenn. Oct. 26, 2016) (finding group pleading allegations insufficient and granting a motion for more definite statement and a motion for leave to file an amended complaint related to such claims); *DeSoto v. Bd. of Parks & Rec.*, 64 F. Supp. 3d 1070, 1087 (M.D. Tenn. 2014).

For example, Plaintiff names Police Chief Bryant, who is not alleged to have been present at the scene, and four individual officers as Defendants. However, the Complaint fails to specify the actions of each officer at the scene, when each officer arrived, or what actions each officer took. This lack of specificity, combined with the use of the collective term "Defendants" or "they" throughout the Complaint, creates confusion and fails to adequately notify each Defendant of the specific wrongdoing alleged against them. (Compl., ¶¶ 1,25, 29, 33, 31, 33, 35, 38, 39, 40, 42, 53.) For instance, the Complaint alleges that "Defendants" interrogated Severance, filed a false report and charges, transported him to jail, and provided false information to the grand jury. (Compl. ¶¶ 30, 31, 33, 35, 37). These allegations are untenable, considering a defendant like Bryant, who's only purported involvement is being the chief of police, is acting with the same actions, culpability and performance, as officers on the scene. Furthermore, the Complaint's description of the City Defendant's actions during the arrest, use generic terms like "officers" and lists various actions without attributing them to specific individuals, further obscuring the factual basis for the claims against each Defendant. This group pleading approach is particularly problematic given that Plaintiff has also named the municipality of Bexley and a Bexley police officer as Defendants,

making it even more difficult for the City Defendants to discern their alleged roles in the events. Defendants are left wholly without context to determine which officers were purportedly:

- Screaming at Severance.
- Shoving Severance down.
- Grabbing and wrestling Severance to the ground.
- Hitting Severance with closed fists.
- Beating severance into submission.
- Handcuffing Severance.
- "Hogty[ing] Severance".
- "putting a muzzle on [Severance] to "shut him up".
- Filing charges without probable cause.
- Providing information to a Franklin County grand jury that they knew were false.
- Recklessly disregarding falsity.
- Causing the grand jury to issue an indictment against Mr. Severance without probable cause.

(Compl., ¶¶ 1, 24, 28, 29, 30, 31, 32, 34, 39, 44, 47, 49.)

Plaintiff's propensity for generically fusing all of the Defendants together leads to the absurd result that either all, or some unspecified number of the five individually named Defendants, acted as an indistinguishable coalescence, and participated in every alleged instance of wrongdoing simultaneously. This use of group pleading for every alleged cause of action is precisely what is discouraged because it leads to inaccurate, confusing, and contradictory allegations that forces defendants to speculate as to the alleged wrongdoing of which they are being accused. *See e.g., Grove,* 2020 U.S. Dist. LEXIS 44952, at *9-11 (citing *McCloy v. Corr. Med. Servs.,* No. 07-13839, 2008 U.S. Dist. LEXIS 107618, *2 (E.D. Mich. Dec. 18, 2008)).

Thus, Plaintiff's Complaint fails to comply with the pleading standards required by Civil Rules 8 and 10 by failing to specify what claim(s) Plaintiff is asserting, failing to specify against which defendant(s) he assert each such claim, and failing to specify which factual allegations support each such claim. As pled, the Complaint therefore fails to state a claim upon which relief may be granted as to the Individual Defendants and should be dismissed.

## III. CONCLUSION

For the reasons set forth herein, City Defendants respectfully request that this Court grant their Motion to dismiss Plaintiff's Complaint with prejudice. Plaintiff has failed to state any claim upon which relief can be granted. Specifically, Plaintiff's state law claims are time-barred, and the City Defendants are entitled to immunity under both state and federal law. Even if plaintiff's claims were not time-barred and were sufficient to pass immunity, his Complaint falls short of establishing a prima facie case for the alleged violations. Finally, the Complaint is replete with vague, conclusory allegations, and fails to meet the basic pleading requirements. Therefore, City Defendants respectfully submit that dismissal is warranted.

Respectfully submitted,

s/ Sheena D. Rosenberg
Dexter W. Dorsey (0097657) – Lead Attorney
Sheena D. Rosenberg (0088137)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street, Columbus, Ohio 43215
Phone: (614) 645-7385 / Fax: (614) 645-6949
dwdorsey@columbus.gov
sdrosenberg@columbus.gov
*Counsel for Defendants City of Columbus, Ohio, Elaine Bryant, Charles Johnson, Michael Rubens and Nicholas Sands*

## CERTIFICATE OF SERVICE

I hereby certify that, on **October 8, 2024**, I electronically filed the foregoing with the Court using the Court's CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF system.

s/ Sheena D. Rosenberg

Sheena D. Rosenberg (0088137)